GARTSIDE COAL Co. *v.* MAXWELL and others.[1]

*(Circuit Court, E. D. Missouri.* April 22, 1884.)

1. DEPOSITIONS—PLACE OF TAKING.
   Depositions will not be suppressed because taken at a different place from the one named in the notice, if taken in the presence of both parties or their representatives.
2. SAME—CERTIFICATE—INTEREST.
   The certificate of the officer before whom depositions have been taken should state that he is disinterested, and is not the attorney or counsel of either party to the suit.
3. SAME—AMENDMENT.
   Where the certificate fails to state these facts, leave will be given to with draw the depositions in order that the certificate may be amended.

At Law. Motion by defendant to suppress depositions taken in behalf of the plaintiff.

*Hiram J. Grover,* for plaintiff.

*Henry Hitchcock, Lucien Eaton,* and *Walker & Walker,* for defendants.

BREWER, J. This is a motion to suppress the deposition of a witness taken on behalf of the plaintiff. The first ground of the motion is that there is a defect in this, that the notice named the office of ————, No. 24 Gay street, Knoxville, Tenn., as the place of taking the deposition, while the certificate states that it was taken at the office of ————, No. 124 Gay street, Knoxville, Tenn.; but as the counsel and parties on both sides were represented, I cannot think that that defect is immaterial. The description, though partially incorrect, was sufficient. It named correctly the person at whose office the deposition was taken, and the only defect was in the street number of the office. Besides, the party served appeared, and the sole object of notice is to give an opportunity to appear. The other ground of the motion is, that the certificate does not set forth that the officer taking the deposition was not of counsel or attorney for either of the parties, and that he was not interested in the event of the cause. I think that is a defect. It should appear affirmatively on the face of the certificate that the officer taking the deposition was disinterested, just as much as it should appear that the officer was one of the class of officers authorized to take depositions. The mere signature of A. B., without any designation of his office, or any description of his capacity to take the deposition, would be insufficient; and so the fact that he is disinterested should appear affirmatively somewhere in the certificate. It was affirmed and denied by the respective counsel on the argument that a different ruling had been made by my predecessor, but no case was cited. It is true that there are a couple of cases in 2 Cranch which seem to differ from this view, yet I think the

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

rule is that it should appear affirmatively on the face of the certificate that the officer was one authorized by the statute to take depositions.

It was suggested, during the argument on this motion, that if the ruling should be in this direction an application would be made for leave to withdraw the deposition, and have that defect corrected by the officer taking it. I think, under the circumstances, that would be perfectly fair. The order, therefore, will be that the motion be continued, and leave given to plaintiff to withdraw the deposition for the purpose of having that defect corrected by the officer. Of course, this does not open the deposition for further testimony, or for any other change than simply to correct that defect in the certificate.